UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYNN OLSON,<br><br>            Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | CASE NO. C20-5387-BAT<br><br>**ORDER DISMISSING CASE** |

Plaintiff, proceeding pro se, filed a complaint seeking review of the Commissioner's calculation of her monthly disability benefit amount. Dkt. 1. The Commissioner has filed a motion to dismiss the case for lack of subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies. Dkt. 17. The Court **GRANTS** the motion and **DISMISSES** this case with prejudice.

**BACKGROUND**

In her complaint, plaintiff alleges that the Commissioner found her disabled and determined that she was entitled to Social Security Disability Insurance Benefits but reduced the amount of her monthly benefit by $1,000 because of a public disability payment which she alleges she never actually received. Dkt. 1 at 1-2. She further alleges that the Commissioner later sought reimbursement for Medicare premiums in an incorrect amount. *Id.* at 4. She alleges

ORDER DISMISSING CASE - 1

violations of federal law, administrative procedures, and her right to due process under the Fifth Amendment. *Id.* at 4. She seeks reversal of the decision to reduce her monthly benefit amount and a correction of the amount of Medicare premiums owed, and an award of the amount deducted from her past benefits. *Id.* at 5.

The Commissioner has submitted a declaration from Renee Hall, Social Insurance Specialist, Center for Disability & Support Program, Social Security Administration (Dkt. 18, "Hall declaration"), stating as follows: The Social Security Administration notified plaintiff of her award of benefits, including the reduction plaintiff challenges in her complaint, in August 2017. Hall dec. at ¶ 5. SSA did not receive an appeal or request for reconsideration of the notice of award at that time. *Id.* at ¶ 6. For the first time, plaintiff submitted an online appeal/request for reconsideration on August 13, 2019. *Id.* at ¶ 10. SSA requested records to support her appeal and on August 26, 2019, received in response a signed form on which plaintiff wrote "I have never received Workers Compensation," but which was otherwise blank. *Id.* at ¶ 11. Plaintiff did not submit any evidence to support her assertion. *Id.* To date, SSA has not taken any action on the appeal/request for reconsideration filed by plaintiff. *Id.*

Plaintiff filed the complaint in this case on April 28, 2020. Dkt. 1. In a declaration dated October 26, 2020, counsel for the Commissioner stated that he spoke with plaintiff's husband, who indicated that plaintiff passed away in August 2020 and that he planned to file a motion to substitute plaintiff's estate in this case. Dkt. 10. To date, no motion to substitute has been filed, and no response to this motion has been filed.

**DISCUSSION**

The Commissioner argues that plaintiff failed to exhaust her administrative remedies and that this Court therefore lacks jurisdiction. Dkt. 17. Under 42 U.S.C. § 405(g), a claimant may

ORDER DISMISSING CASE - 2

seek judicial review of a final decision of the Commissioner, made after a hearing to which the claimant was a party. To obtain a hearing, a claimant must present a claim to the agency, obtain an initial determination, seek reconsideration, and, finally, request a hearing before an ALJ. 20 C.F.R. §§ 404.900(a)(1)-(3), 404.933. The decision made after the hearing does not become the final decision until the claimant requests review by the Appeals Council and the Appeals Council either grants or denies review. 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981. A claimant may file a claim in the district court only after the Appeals Council makes a decision or denies review. 20 C.F.R. § 404.981. Where a claimant has not exhausted her administrative remedies and obtained a final decision, the district court must dismiss her claim for lack of subject matter jurisdiction. *See Heckler v. Ringer*, 466 U.S. 602, 617 (1984); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).

The Commissioner asserts that plaintiff did not exhaust her administrative remedies, did not request a hearing before an ALJ, did not obtain an ALJ decision or dismissal, and did not seek review before the Appeals Council. The Commissioner asserts that because there is no final decision in this case, this Court is without jurisdiction to hear plaintiff's claims. Dkt. 17 at 4-6.

The uncontroverted evidence submitted by the Commissioner supports this contention. Although plaintiff eventually filed an appeal/motion for reconsideration, she did not submit evidence to support her appeal and the SSA did not take any action on it. Instead of exhausting her administrative remedies, plaintiff filed a complaint in this Court seeking judicial review. However, there is no final decision of the Commissioner, made after a hearing, for this Court to review. Because plaintiff failed to exhaust her administrative remedies, this Court does not have subject matter jurisdiction over this matter and the case must be dismissed. Accordingly, the

Commissioner's motion to dismiss (Dkt. 17) is **GRANTED** and this case is **DISMISSED** with prejudice.

DATED this 1st day of February, 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DISMISSING CASE - 4